

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| ANNE BLOCK, | ) | |
| | ) | No. 35889-5-III |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SPOKANE COUNTY, | ) | UNPUBLISHED OPINION |
| | ) | |
| Respondent. | ) | |

SIDDOWAY, J. — Anne Block appeals the summary judgment dismissal of her complaint alleging violations by Spokane County (County) of the Public Records Act (PRA), chapter 42.56 RCW. The issues she raises on appeal do not provide a basis for reversing the trial court. We affirm.

FACTS AND PROCEDURAL BACKGROUND

Sometime before August 2, 2017, Anne Block became aware that a juvenile female had been charged with fourth degree assault for an incident that took place at the Spokane Valley Mall several weeks earlier. Ms. Block was also reportedly informed, evidently by the girl's mother, that the incident leading to the girl's arrest occurred after the girl was chased through the mall by an adult. Ms. Block also learned that videotape

of the alleged assault might have been acquired by the Spokane County Sheriff's Office in the course of its investigation.

On August 2, Ms. Block sent electronic mail to a public disclosure assistant in the sheriff's office requesting "ALL videos that relate in any way" to the incident at the mall involving the girl. Clerk's Papers (CP) at 90. By letter dated August 7, the sheriff's office acknowledged her public record request and informed her the office had no responsive records. The letter explained that a deputy sheriff had viewed video at the Old Navy store in the mall, was unable to obtain a copy at that time, and had been told by store staff that they would attempt to make a copy and provide it. The letter went on to say:

> Further, as these records involve a juvenile offense, if we did have a copy of video associated with this incident, they would be considered exempt under the following exemptions [in pertinent part]:
>
> > 1. **RCW 13.50.050(3):** All records other than the official juvenile court file are considered confidential
> >
> > 2. **RCW 13.50.010:** . . . who has been denied access to those records by the agency may make a motion to the court for an order authorizing that person to inspect the juvenile justice or care agency records.

CP at 92.

Approximately a week later, the county's public records office followed up with two additional letters, directing Ms. Block's attention to RCW 42.56.070, which provides that agencies shall make public records available unless the record falls within an

2

exemption identified by RCW 42.56.070(6), chapter 42.56, "or other statute which exempts or prohibits disclosure of specific information or records." CP at 94 (emphasis omitted). The letters expressed the County's position that RCW 13.50.050 is an "other statute which exempts or prohibits disclosure of specific information or records." CP at 96.

On September 11, Ms. Block, proceeding pro se, brought the action below, alleging that the County had violated the PRA, including by providing an inadequate response and failing to produce requested records.

On December 8, the County moved for summary judgment dismissing Ms. Block's complaint, contending that chapter 13.50 RCW, which deals with keeping and releasing records by juvenile justice or care agencies, provides the exclusive means of obtaining juvenile records. It argued that the chapter applied in the case of the videotape copy, which the County conceded had since been received by the sheriff's office in connection with its investigation of the alleged assault. Among the legal authority the County cited for support was this court's decision in *Wright v. State*, 176 Wn. App. 585, 597, 309 P.3d 662 (2013). The County's motion was scheduled to be heard on January 25, 2018.

Approximately six weeks later, on January 18, 2018, Ms. Block filed a declaration seeking a continuance of the summary judgment hearing "for at least six months," in reliance on CR 56(f). CP at 68. She stated she had served a first set of interrogatories

and requests for production on the County on January 11, 2018. She did not provide a copy of her written discovery to the court.

At the time set for the summary judgment hearing, the trial court questioned Ms. Block about "what type of discovery . . . [she] propose[d,] and to what end?" Report of Proceedings (RP) at 14. She responded that she had already served requests for production and that she "probably" would take two depositions and would "probably fill out some requests for admissions." RP at 14-15.

The trial court concluded that the County was correct about chapter 13.50 RCW being controlling, and "therefore, I can't see that a 56(f) continuance is going to change that in any degree." RP at 23. It denied a continuance and granted summary judgment dismissing the complaint. Ms. Block appeals.

ANALYSIS

Ms. Block identifies three issues for review, which we address in the order presented.[1]

> *Issue One: Whether the plaintiff in a PRA action is entitled to the same scope of discovery allowed other civil plaintiffs under Washington's civil discovery rules?*

---

[1] Ms. Block's statement of the case does not include a reference to the record for any factual statement, in violation of RAP 10.3(a)(5). The County asks us to disregard all of her unsupported factual statements. Given the simplicity of the issues on appeal, we exercise our discretion to overlook the rule violation.

Yes.  As the County concedes, the plaintiff in a PRA action is entitled to the same scope as discovery allowed other civil plaintiffs under the civil rules.  *E.g.*, *Neigh. All. of Spokane County v. Spokane County*, 172 Wn.2d 702, 708, 261 P.3d 119 (2011).

> *Issue Two: Whether the trial court erred when it refused to allow petitioner the right to conduct discovery in a public records case involving a public mall video recovered by Spokane County Sheriff's Office from Spokane Valley Mall security involving six adults and one minor?*

The trial court did not refuse to allow Ms. Block to conduct discovery.  It denied her request to continue the hearing on the County's summary judgment motion.  When the court then dismissed her complaint, she had no further right to discovery.

On filing her complaint, Ms. Block enjoyed the right to obtain discovery regarding any matter, not privileged, which was relevant to the subject matter involved in the pending action.  CR 26(b)(1).  She was entitled to serve written interrogatories and requests for production.  CR 33, 34.  Under the applicable civil rules, the County had 30 days within which to answer, respond, or object.  CR 33(a), 34(b)(3)(A).  Ms. Block states that she served the discovery on January 11, 2018, which would make the County's answers, responses, or objections due on February 12.

The County's motion for summary judgment was scheduled for hearing on January 25.  If Ms. Block believed she would be unable to defend against the County's motion without more time for discovery, she needed to seek a continuance of the summary judgment hearing under CR 56(f).

5

In seeking a continuance under CR 56(f), Ms. Block was derailing the hearing of a motion that the County had properly noted and was entitled to have heard without unreasonable delay. It is well settled that a party asking for a continuance of a properly-noted summary judgment hearing must make a heightened showing of need for particular discovery. The trial court may deny a CR 56(f) motion for continuance if:

> "(1) the requesting party does not offer a good reason for the delay in obtaining the desired evidence; (2) the requesting party does not state what evidence would be established through the additional discovery; or (3) the desired evidence will not raise a genuine issue of material fact."

*Farmer v. Davis*, 161 Wn. App. 420, 430-31, 250 P.3d 138 (2011) (quoting *Turner v. Kohler*, 54 Wn. App. 688, 693, 775 P.2d 474 (1989)). We review a trial court's decision to deny a continuance under CR 56(f) for abuse of discretion. *Farmer*, 161 Wn. App. at 431.

Ms. Block did not offer a reason for her delay in obtaining evidence. While she described the *type* of discovery she hoped to complete or conduct, she did not identify evidence to be established through the discovery that would create a genuine issue of material fact. No abuse of discretion is shown.

> *Issue Three: In the event of conflict between the provisions of RCW 42.56 and any other act, which law governs—the PRA or any other law?*

In construing statutes, we assume that the legislature does not intend to create inconsistency, so we read statutes together, wherever possible, to achieve a harmonious total statutory scheme that maintains the integrity of the respective statutes. *See State ex*

*rel. Peninsula Neigh. Ass'n v. Dep't of Transp.*, 142 Wn.2d 328, 342, 12 P.3d 134 (2000). At issue is whether there is any inconsistency, and if so, how the statutes are to be harmonized.

We review summary judgment decisions de novo, viewing the evidence and all reasonable inferences from the evidence in the light most favorable to the nonmoving party. *Schaaf v. Highfield*, 127 Wn.2d 17, 21, 896 P.2d 665 (1995). Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. CR 56(c).

In this case there is no inconsistency. The PRA contemplates that agencies will possess some records that will be exempt from disclosure under its own provisions, or under provisions of other statutes. It expressly provides that the obligation to make records available for production does not apply if "the record falls within . . . [an]other statute which exempts or prohibits disclosure of specific information or records." RCW 42.56.070(1). In *Wright*, this court agreed with the defendant agency that "chapter 13.50 RCW prescribes the exclusive method for procuring juvenile records and, thus, separately exempts . . . juvenile records from the PRA's disclosure requirements and penalties." 176 Wn. App. at 596.

As was discussed at the hearing on the County's summary judgment motion, there are procedures under chapter 13.50 RCW for requesting access to juvenile records. The

No. 35889-5-III
*Block v. Spokane County*

PRA does not apply. The order dismissing Ms. Block's complaint is affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Siddoway, J.

WE CONCUR:

_____
Korsmo, J.

_____
Pennell, A.C.J.

8